JS: USAO 2010R00445

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIMINAL NO.** |
| **JARED FANNING,** | * | (Wire Fraud, 18 U.S.C. § 1343) |
| Defendant | * | PJM 10 CR 0710 |

*******

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2010 NOV 18 P 1: 05
CLERK'S OFFICE
AT GREENBELT
BY_____DEPUTY

## INFORMATION

The United States Attorney for the District of Maryland charges that:

### Introduction

1.  From at least in or about June 2006 until in or about June 2007, defendant **JARED FANNING** was a loan officer at Mortgage Company #1 based in Bowie, Maryland. Among **FANNING**'s duties and responsibilities in the ordinary course of business were to prepare and submit mortgage loan applications on behalf of clients of real estate agents.

### The Scheme to Defraud

2.  Between no later than in or about June 2006 and in or about June 2007, in the District of Maryland and elsewhere, the defendant,

**JARED FANNING,**

knowingly and willfully devised and intended to devise a scheme and artifice to defraud various mortgage lenders and to obtain monies, funds and credits from the mortgage lenders by means of false and fraudulent pretenses, representations and promises ("the scheme to defraud").

## Means and Methods of the Scheme to Defraud

3. It was a part of the scheme to defraud that **FANNING** received information supporting various mortgage loan applications for clients of **Real Estate Agent #1**, including verifications of deposit and income.

4. It was a further part of the scheme to defraud that on multiple occasions, **FANNING** agreed to send verifications of deposits for mortgage applicants directly to **Real Estate Agent #1**, as opposed to the banks in question, for completion. On at least one occasion, the speed at which **Real Estate Agent #1** returned a completed verification of deposit led **FANNING** to believe that **Real Estate Agent #1**, as opposed to an authorized bank official, had possibly completed the verification of deposit.

5. It was a further part of the scheme to defraud that, on multiple occasions, **FANNING** informed **Real Estate Agent #1** that a mortgage applicant's income was too low to qualify for a mortgage, and **Real Estate Agent #1** responded immediately with allegedly forgotten income for the mortgage applicant. This led **FANNING** to suspect that the additional income information supplied by **Real Estate Agent #1** was not true.

6. It was a further part of the scheme to defraud that, despite his concerns about the veracity of information provided by **Real Estate Agent #1**, **FANNING** submitted over twenty mortgage applications requested by **Real Estate Agent #1** on behalf of his clients.

7. It was a further part of the scheme to defraud that **FANNING** received thousands of dollars in income for every mortgage application submitted by **FANNING** on behalf of a client of **Real Estate Agent #1**.

### The Charge

8. On or about July 11, 2007, in the District of Maryland and elsewhere, the defendant,

**JARED FANNING,**

for the purpose of executing and attempting to scheme to defraud, did knowingly cause to be transmitted in interstate commerce by means of wire communications certain signals, signs, and sounds, by submitting a mortgage application containing materially false information and causing interstate wire communications to occur during the transmission of the application.

18 U.S.C. § 1343

*Rod J. Rosenstein /JS*
Rod J. Rosenstein
United States Attorney

Dated: November 18, 2010